# MEMORANDA

## OF

# CASES NOT REPORTED IN FULL.

---

JAMES DEMPSEY, PLAINTIFF IN ERROR, v. THE PEOPLE
OF THE STATE OF NEW YORK, DEFENDANT IN
ERROR.

*Perjury in an affidavit made by coroner as to an inquest having been had — when
a false oath is not shown to be willfully and corruptly false.*

WRIT OF ERROR to the General Sessions of Richmond county
to review the conviction of the plaintiff in error of perjury.

The perjury was alleged to have been committed in falsely
swearing to an affidavit annexed to a bill presented by the plain-
tiff in error to the board of supervisors of Richmond county.
The bill was for fees and charges due to the plaintiff in error for
services rendered in holding an inquest, as coroner of the county.

The General Term, after holding that the return was defective
in not containing the affidavit, said : "If it be assumed that the
affidavit which defendant made was the one required by statute,
that he rendered the services charged for, then the judge's charge,
in our view of the evidence, was calculated to mislead the jury.
There was evidence tending simply to prove that the inquest out
of which the charges grew was wholly fictitious. None of the
jury could be found. Proof was also given tending to show that
no jury saw the deceased. The accused testified to the summon-
ing of the jury, and that they had viewed the body, but that the
inquest was signed at another place than the residence of the
deceased.

"Under this state of facts the judge charged the jury that if
the services were not rendered the affidavit was false. If false, it
was willfully and corruptly false. He then charged the jury that
if the coroner's jury did not view the body it was no inquest.

This took away from the trial jury the question of the intent of the accused in making the affidavit. If there was a jury summoned, and if they did not see the body but found an inquisition upon the oath of witnesses as to the cause of death, I do not think an affidavit to a bill for services in holding the inquest necessarily willfully and corruptly false. If the affidavit was made in good faith, and not with intent to defraud, and under a mistake as to what made a legal inquest, I suppose it would be the duty of the jury to acquit the accused of the charge of willful and corrupt perjury."

*N. J. Wyeth*, for the plaintiff in error. *John Croak*, district attorney, for the defendant in error.

Opinion by BARNARD, P. J.; GILBERT and PRATT, JJ., concurred.

Conviction reversed and new trial granted, and proceedings remitted to Court of Sessions.